IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re John Varvatos Enterprises, Inc., *et al.*, | ) | Chapter 11 |
| | ) | Case No. 20-11043 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | | |
| Tessa Knox, individually and as the Certified Representative of the Class of Judgment Creditors, | ) ) ) | |
| | ) | Adv. No. 20-50623 (MFW) |
| Appellant, | ) | |
| | ) | C.A. No. 20-937 (UNA) |
| v. | ) | |
| | ) | |
| Lion Hendrix Cayman Limited, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

At Wilmington this 14th day of July 2020:

Before the Court is the Appellant's Emergency Motion for Expedited Hearing of Appeal (D.I. 3) ("Motion to Expedite") of the Bankruptcy Court's July 10, 2020 Order ("Dismissal Order"), which dismissed with prejudice Appellant's claim for equitable subordination against Appellee Lion/Hendrix Cayman Limited ("LHCL"). The Motion to Expedite also seeks to dispense with this Court's mandatory mediation process, as required by the Court's *Standing Order dated September 11, 2012 Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District* ("Standing Order"), and to set an expedited briefing schedule on the merits of the appeal, with briefing to be completed between now and July 20, and a "hearing" – presumably oral argument – to be held on or before July 23, 2020. (*See* D.I. 3 at 3). For the reasons set forth below, the Motion to Expedite is DENIED.

1. **Background.** On February 1, 2017, Appellant commenced a civil action against debtor John Varvatos Enterprises, Inc. ("JVE") in the Southern District of New York, alleging that a

JVE clothing policy ("the Clothing Policy") discriminated against female sales employees. *Tessa Knox v. John Varvatos Enterprises, Inc.*, 17-cv-772-GW (S.D.N.Y.) (the "New York Action").

2. A final judgment was entered against JVE and in favor of Appellant for more than $3.5 million dollars. That judgment is under appeal and a motion for judgment notwithstanding the verdict is pending. The jury did not determine whether LHCL, as JVE's parent, was responsible for or had any role whatsoever in the Clothing Policy.

3. On May 6, 2020, JVE and its affiliates (collectively, "the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the same day, the Debtors and LHCL executed an asset purchase agreement which provided for the proposed acquisition by LHCL of substantially all of the Debtors' assets for consideration of $19,450,000 cash, a $76 million credit bid of senior secured debt advanced by LHCL to the Debtors ("the LHCL Debt"), and the assumption of certain material liabilities.

4. On June 9, 2020, the Bankruptcy Court approved bidding procedures for the sale of the Debtors' assets ("the Bidding Procedures Order") and set a July 13 bid deadline ("the Bid Deadline"), a July 15 auction ("the Auction Date"), and a July 17 hearing to consider approval of the proposed sale ("the Sale Hearing").

5. The Bankruptcy Court extended the Bid Deadline through July 17, 2020, and the Auction Date through July 22, 2020. The Sale Hearing is currently scheduled for July 24, 2020.

6. On June 8, 2020, Appellant initiated an adversary proceeding seeking to equitably subordinate the LHCL Debt claims under 11 U.S.C. § 510(c), alleging LHCL "encouraged" or "facilitated" the JVE Clothing Policy. Appellant's Complaint did not allege that LHCL itself engaged in any direct conduct. Rather, Appellant's allegations generally referred to an undifferentiated "Lion" defined in the Complaint to be LHCL and its non-debtor affiliates. (Adv. D.I. 1, Complaint ¶¶ 27-28, 31.)

7. After briefing and oral argument, the Bankruptcy Court dismissed Appellant's Complaint with prejudice. A Transcript of the July 10, 2020 hearing is not yet publicly available. Moreover, the Bankruptcy Court has not had an opportunity to issue an opinion in light of the filing of the appeal, which, under Bankruptcy Local Rule 8003-2, the Bankruptcy Court has the right to issue up to seven days following the filing of a notice of appeal.

8. Appellant contends that its appeal must be heard before the Bankruptcy Court approves the proposed asset sale.[1] The only harm cited by Appellant is that "failure to resolve this appeal has the potentially [sic] to severely jeopardize the Class of Judgment Creditors' recovery efforts." (D.I. 3 at 3). Appellee contends that the Bankruptcy Court correctly dismissed with prejudice Appellant's threadbare equitable subordination claim, and that Appellant has failed to establish any immediate or irreparable harm that would justify departure from the Court's Standing Order or require consideration of this appeal ahead of other matters and in such an extremely truncated time frame.

9. **Jurisdiction.** Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1).

10. **Discussion.** Bankruptcy Rule 8013 governs the filing of motions in connection with bankruptcy appeals. As relevant here, it provides that "[t]he district court . . . may rule on a motion for a procedural order" – including a motion to expedite various proceedings – "at any time without awaiting a response." FED. R. BANKR. P. 8013(b).

---

[1] With respect to the exigent circumstances cited by Appellant, it is unclear that approval of the credit bid and sale will go forward as proposed. As Appellant concedes in the Motion to Expedite, the Official Committee of Unsecured Creditors appointed in the Chapter 11 cases has moved for standing to challenge the secured lender's debt and the credit bid, and this motion is scheduled to be heard by the Bankruptcy Court on July 17, 2020.

11. The Motion to Expedite fails to point to any facts that justify this Court's "considering [its] appeal ahead of other matters" much less any immediate or "irreparable harm" that is required for its appeal to be considered on an emergency, expedited basis. FED. R. BANK. PROC. 8013(a)(2)(B); 8013(d)(1) (acknowledging that an emergency expedited motion is made "because irreparable harm would occur during the time needed to consider a response"); *see also In re Premier Operations*, 293 B.R. 334, 335 (S.D.N.Y. 2003) ("[A] party [may] obtain expedited consideration in a bankruptcy proceeding if it can show by affidavit that to avoid irreparable harm, relief is needed in less time than would normally be required to appeal a bankruptcy court's decision." (internal quotation marks and citation omitted)).

12. As Appellee correctly points out, a claim of irreparable harm is made nowhere in Appellant's Motion to Expedite. The closest contention is Appellant's statement that "Lion intends to use its outstanding secured loans to credit bid for substantially all of the Debtors' assets" and, "[i]f successful, both Lion and [the Appellant] Class of Judgment Creditors, women who suffered sex-based pay discrimination at the hands of the Debtor and at encouragement of Lion, anticipate that there will be no meaningful funds remaining for distribution to unsecured creditors." (D.I. 3 at 2). According to Appellant, "[t]he result is that these members of the [Appellant] Class of Judgment Creditors will see no recovery from the Debtor despite having suffered over $5 million in harm." (*Id.*) Additionally, Appellant contends that failure to resolve the appeal "has the potential to frustrate the sale." (*Id.*)

13. Even if this Court were to grant the Motion to Expedite, and also find justification to reverse the dismissal of the subordination action, however, that decision would not entitle Appellant to the relief it seeks in connection with the sale. Appellant would not be entitled to equitable subordination simply because the Complaint survives a motion to dismiss. Only after discovery, motion practice, and a final judgment on the merits would Appellant – if successful – be entitled to

relief.  As Appellee correctly points out, none of this can reasonably occur before the Auction Date and Sale Hearing, which are scheduled to occur next week.  Moreover, even if the Bankruptcy Court's Dismissal Order is reversed, there is nothing that prevents the Bankruptcy Court from fashioning a remedy post-sale, and Appellant points to no facts or law to the contrary in the Motion to Expedite.

14.     **Conclusion.**  Appellant has not met its burden to show why the Court should hear its appeal on an emergency, expedited basis, nor has it pointed to circumstances that would justify avoidance of the Court's Standing Order.

NOW, THEREFORE, it is HEREBY ORDERED that the Motion to Expedite (D.I. 3) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge